Erin Rose Ronstadt, SBN 028362
Kyle James Shelton, SBN 027379
RONSTADT LAW, PLLC
PO Box 34145
Phoenix, AZ 85067
(602) 615-0050
(602) 761-4443 Fax
erin@ronstadtlaw.com
kyle@ronstadtlaw.com
*Attorneys for Plaintiff*

Iwana Rademaekers, SBN Texas 16452560
LAW OFFICES OF IWANA RADEMAEKERS, PC
17304 Preston Road, Suite 800
Dallas, TX 75252
Phone:(214) 564-9542
iwana@rademaekerslaw.com
*Attorneys for Defendant*



**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Shelley Vidal,

Plaintiff,

v.

The Lincoln National Life Insurance Company,

Defendant.

No. CV-23-01954-PHX-DJH

**JOINT CASE MANAGEMENT REPORT**

In accordance with this Court's September 26, 2023 Order (Doc. 7), the parties conferred as required by Rule 26(f), *Federal Rules of Civil Procedure*, to develop a Joint Case Management Report, which is set forth below:

## 1. THE PARTIES WHO ATTENDED THE RULE 26(F) MEETING AND ASSISTED IN DEVELOPING THE JOINT PROPOSED CASE MANAGEMENT REPORT

Attorney Erin Ronstadt on behalf of Plaintiff Shelley Vidal ("Ms. Vidal" or "Plaintiff").

Attorney Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant").

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

## 2. A DESCRIPTION OF THE PRINCIPAL FACTUAL AND LEGAL DISPUTES IN THE CASE

This is an action regarding an adverse determination of long-term disability ("LTD") benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

**Plaintiff**:

Plaintiff Shelley Vidal worked for Wells Fargo as a telephone customer service representative until leaving work on November 16, 2021 due to her disabilities. Ms. Vidal suffers from multiple medical conditions, including laryngopharyngeal reflux (LPR), a condition that occurs when a muscle at the end of the esophagus does not close properly, allowing stomach contents to reflux into the esophagus and cause irritation and dysphonia. Ms. Vidal's LPR causes neck pain and severe dysphonia. Ms. Vidal also suffers from cervicalgia, gastroesophageal reflux disorder (GERD), chronic headaches, Stage 2 chronic kidney disease, and hypertension. Lincoln approved Ms. Vidal's short-term disability (STD) claim and began paying benefits. On May 3, 2022 Lincoln submitted her disability claim to the LTD department for evaluation. On July 14, 2022 Lincoln denied Ms. Vidal's LTD claim, which Ms. Vidal timely appealed in January 2023. Ms. Vidal was awarded Social Security Disability Insurance ("SSDI") benefits, with a November 16, 2021 date of disability. She provided Lincoln with the fully favorable SSDI determination with her appeal, including a declaration explaining her limited ability to speak. On May 24, 2023 Lincoln issued a final administrative determination, terminating Ms. Vidal's LTD benefits. Having exhausted her administrative remedies, Ms. Vidal filed this lawsuit.

Accordingly, the case involves the following claims:

- Count I : Ms. Vidal claims LTD benefits under the terms of the Plan. *See* 29 U.S.C. § 1132(a)(1)(B).

**Defendant:**

Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), as pled in Count I of the Complaint, but Plaintiff has failed to state a claim against Lincoln for

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

breach of fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3), as pled in the Complaint. Moreover, the remedies sought for equitable relief are not available under ERISA. Lincoln's determinations on Plaintiff's claims for benefits from the relevant plans were reasoned, based on substantial evidence, and correctly interpreted the relevant plan documents. Plaintiff received a full and fair review of her claims by Lincoln, and that there is no evidence that so-called structural conflict affected the decisions, which were not arbitrary, capricious, or an abuse of discretion. Moreover, Defendant denies that it breached any fiduciary or other duty owed to Plaintiff.

**3. THE JURISDICTIONAL BASIS FOR THE CASE, CITING SPECIFIC JURISDICTIONAL STATUTE**

This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1332, 2201-02 (declaratory judgments).

**4. ANY PARTIES WHICH HAVE NOT BEEN SERVED AND AN EXPLANATION OF WHY THEY HAVE NOT BEEN SERVED, AND ANY PARTIES WHICH HAVE BEEN SERVED BUT HAVE NOT ANSWERED OR OTHERWISE APPEARED**

All parties have been served. Defendants Wells Fargo & Company Long-Term Disability Plan and Wells Fargo & Company have been dismissed without prejudice pursuant to agreement by the parties.

**5. A STATEMENT OF WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE TO AMEND PLEADINGS**

Neither party expects to add additional parties or otherwise further amend the pleadings at this time but has requested a date of **February 16, 2024** with which to do so.

**6. PROPOSED SPECIFIC DATES FOR EACH OF THE FOLLOWING**

a. Deadline for initial disclosures: **Friday, December 15, 2023.**

b. Deadline for joining parties and amending pleadings: **Friday, February 16, 2024.**

c. Deadline for submission of the Administrative Record to the Court: **Friday, July 26, 2024.**

**RONSTADT LAW, PLLC**
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

d. Deadline for Plaintiff to submit to Defendant any documents Plaintiff contends should be in the Administrative Record that are not already included in the record physically delivered to Plaintiff: **Friday, June 28, 2024**.

e. Deadline for the parties to file a stipulation as to the applicable standard of review in this case, or, if the parties cannot so stipulate, deadlines for motions and responses to motions related to the applicable standard of review (no replies will be allowed), and, if necessary, deadlines related to any expedited discovery on the issue of the applicable standard of review: **Friday, March 22, 2024. However, the parties propose the meet-and-confer deadlines in (h) and (i) below in lieu of this deadline.**

f. Deadlines for filing Plaintiff's opening brief, Defendant's response brief, and Plaintiff's reply brief: Plaintiff will file her opening brief by **Friday, August 23, 2024**. Defendants will file their response brief on or before **Friday, September 27, 2024**. Plaintiff will file her reply brief on or before **Friday, October 25, 2024**.

g. Deadline for engaging in good faith settlement talks: **Friday, March 1, 2024.**

**The parties propose the following deadlines for discovery (in agreeing to these deadlines, Lincoln is not waiving its objections to discovery):**

h. Deadline for completion of fact discovery: **Friday, June 28, 2024** or, alternatively, **that the Court set a deadline for meet-and-conferral efforts for the parties to discuss discovery as set forth in §i below.**

i. Meet-and-confer regarding fact discovery: By **Friday, March 22, 2024**, the parties shall discuss: (a) whether Plaintiff believes that any discovery beyond the Administrative Record should be conducted; and (b) the type of discovery and scope of discovery that she contends is permissible and should be conducted, with reasonable specificity (including proposed written discovery where possible). The parties will then meet and confer to: (a) identify areas of agreement about permissible discovery; (b) narrow the discovery requests, if possible, to gain agreement about permissible discovery and narrow areas of dispute about permissible areas of discovery; and (c) complete such discovery as the parties can agree is

permissible discovery. To the extent that, after meeting and conferring, the parties remain in disagreement as to the permissible scope of discovery and type of discovery, on or before **Friday, April 5, 2024**, the parties shall submit briefing setting forth their respective positions in no more than three (3) pages each for a total of six (6) pages.

**7. THE PROSPECTS FOR SETTLEMENT, INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTLEMENT EFFORTS**

The parties will engage in good faith face-to-face settlement discussions by no later than **Friday, March 1, 2024**. The parties agree that such efforts may be assisted by the utilization of a magistrate judge or private mediation.

**8. ANY OTHER MATTERS THAT WILL AID THE COURT AND PARTIES IN RESOLVING THIS CASE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER AS REQUIRED FED.R.CIV.P. 1**

None at this time.

RESPECTFULLY SUBMITTED this November 21, 2023.

RONSTADT LAW, PLLC

By: *s/ Erin Rose Ronstadt*
Erin Rose Ronstadt
Kyle Shelton
*Attorneys for Plaintiff*

LAW OFFICES OF IWANA RADEMAEKERS, PC

By: *Iwana Rademaekers*
Iwana Rademaekers
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2023, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants and mailed a copy this same date to the non-registrants:

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, PC
17304 Preston Road, Suite 800, Dallas, TX 75252
Phone:(214) 564-9542 Work
iwana@rademaekerslaw.com
*Attorneys for Defendant*

*s/ Merry Martin*

RONSTADT LAW, PLLC
P.O. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050