**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shelley Vidal,<br><br>Plaintiff,<br><br>v.<br><br>Lincoln National Life Insurance Company,<br><br>Defendant. | No. CV-23-01954-PHX-DJH<br><br>**RULE 16 SCHEDULING ORDER (ERISA)** |

On November 21, 2023, the parties filed with the Court their Joint Case Management Report (Doc. 13). On the basis of that joint report and in accordance with Rule 16(b)(1) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED** that:

1. Deadline for Initial Disclosures. Initial disclosures required by Federal Rule of Civil Procedure 26(a), if not already exchanged, shall be exchanged no later than December 15, 2023. Per the parties suggestion, Defendant's production of the Administrative Record to Plaintiff suffices as Initial Disclosure. The parties shall file with the Clerk a Notice of Initial Disclosure, rather than copies of the actual disclosures.

2. Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is February 16, 2024.

3. Administrative Record**.** Plaintiff shall submit to the Defendant any documents he contends should be in the record that are not included in the record physically

delivered to the plaintiff already, by no later than June 28, 2024. The Administrative Record shall be filed, under seal, by no later than July 26, 2024.

4. Briefing Schedule. Plaintiff's opening brief shall be filed no later than August 23, 2024. Defendant's response brief shall be filed no later than September 27, 2024. Plaintiff's reply brief shall be filed no later than October 25, 2024.

5. Briefing Requirements. The parties must strictly comply with the following briefing requirements:

> **a. Opening Brief.** Plaintiff's opening brief must set forth all errors which Plaintiff contends entitle him or her to relief. The brief must also contain, under appropriate headings and in the order indicated below, the following:
>
> (1) A statement of the issues presented for review, set forth in separate numbered paragraphs.
>
> (2) *A Statement of the Case*. This statement should indicate briefly the course of the proceedings and its disposition below.
>
> (3) *A Statement of Facts*. Each statement of fact must be supported by reference to the page in the record where the evidence may be found or citation to an accompanied exhibit.
>
> (4) *An argument*. The argument, which may be preceded by a summary, must be divided into sections separately treating each issue. Each contention must be supported by specific reference to the portion of the record (by reference to specific page numbers) relied upon and by citations to statutes, regulations, and cases supporting Plaintiff's position.
>
> (5) *A Short Conclusion Stating the Relief Sought.*
>
> **b. Answering Brief**. Defendant's brief must (1) respond specifically to each issue raised by Plaintiff and (2) conform to the requirements set forth above for Plaintiff's brief, except that a statement of the issues, a statement of the case and a statement of the facts need not be made unless Defendant is dissatisfied with Plaintiff's statement thereof.
>
> **c. Reply Brief.** Plaintiff may file a reply brief. The case will be deemed submitted as of the date on which Plaintiff's reply brief is

filed or due.

**d. Length of Briefs.** Unless otherwise ordered by the Court, the opening and answering briefs may not exceed twenty (20) pages, including any statement of facts, with the reply brief limited to eleven (10) pages.

**e. Format of Briefs.** All memoranda filed with the Court shall otherwise comply with Local Rule of Civil Procedure 7.1(b), which among other things, requires 13-point font in text and footnotes. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

**f. Oral Argument.** A hearing on the briefs may be set upon a joint request from the parties after completion of the briefing schedule. Whether to allow oral argument is at the discretion of the Court.

All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

6. Meet and Confer. By March 22, 2024 the parties shall discuss: (a) whether Plaintiff believes that any discovery beyond the Administrative Record should be conducted; and (b) the type of discovery and scope of discovery that they contend is permissible and should be conducted, with reasonable specificity (including proposed written discovery where possible). The parties will then meet and confer to: (a) identify areas of agreement about permissible discovery; (b) narrow the discovery requests, if possible, to gain agreement about permissible discovery and narrow areas of dispute about permissible areas of discovery; and (c) complete such discovery as the parties can agree is permissible discovery.

To the extent that, after meeting and conferring, the parties remain in disagreement as to the permissible scope of discovery and type of discovery, on or before April 5, 2024 the parties shall submit briefing setting forth their respective positions in no more than **three (3) pages each for a total of six (6) pages**. If further discovery is permitted, the Court may set reasonable deadlines for completion of discovery at that time.

7. Referral to a Magistrate Judge for a Settlement Conference. The parties have requested that this matter be referred to a Magistrate Judge for a settlement conference. By separate order, the Court will refer the case to a Magistrate Judge for a settlement conference to be held on or before March 1, 2024. No later than **five working days** after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The parties shall promptly notify the Court at any time a settlement is reached during the course of this litigation.

8. Consent to a Magistrate Judge as Presider. The parties shall confer regarding possible consent to exercise of jurisdiction by a United States Magistrate Judge as presider in this action. **If all parties agree** to consent to a United States Magistrate Judge as presider in this action, the parties shall, **within 14 days** of the date of this order, submit to the Clerk of Court in paper form Form AO 85, Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction. This form is available on the court's website at www.azd.uscourts.gov/forms. This form shall **not** be electronically filed.

9. Sanctions for Failure to Meet Deadlines of This Order or of the Rules. The parties are warned that failure to meet any of the deadlines in this order or in the Federal Rules of Civil Procedure without substantial justification may result in sanctions.

**TAKE NOTICE** that the deadlines contained herein are real. Pursuant to the Civil Justice Reform Act of 1990 the Court is obligated to facilitate civil cases in a manner which reduces delay of adjudication. The Court expects the parties to adhere to the case management schedule as well as to the Federal Rules of Procedure and Local Rules. Requests to extend deadlines shall be made only under extraordinary circumstances; *settlement negotiations do not constitute extraordinary circumstances.*

**IT IS FURTHER ORDERED** that the Rule 16 Scheduling Conference set for November 29, 2023 is **VACATED**.

/ / /

/ / /

**IT IS FINALLY ORDERED** that the parties' "Joint Motion to Appear at Scheduling Conference via Telephone or Zoom" (Doc. 14) is **DENIED AS MOOT.**

Dated this 22nd day of November, 2023.

Honorable Diane J. Humetewa
United States District Judge